# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANNE P., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No.: 20-cv-1029-MMA (MDD) <br><br> **ORDER GRANTING JOINT MOTION FOR ATTORNEY'S FEES** <br><br> [Doc. No. 20] |

On June 4, 2020, Sarah Anne P. ("Plaintiff") filed this social security appeal challenging the denial of her application for disability benefits. *See* Doc. No. 1. The Court referred all matters arising in this social security appeal to the assigned Magistrate Judge for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1. *See* Doc. No. 4. Thereafter, the parties timely filed the administrative record and Plaintiff filed her merits brief. *See* Doc. Nos. 11, 13.

On March 10, 2021, the Magistrate Judge issued an R&R recommending that the Court grant Plaintiff's motion and remand the Administrative Law Judge's decision. *See* Doc. No. 17. The Court adopted the R&R in its entirety and remanded the matter to the Social Security Administration pursuant to sentence four of 41 U.S.C. § 405(g) for further administrative proceedings. *See* Doc. No. 18. That same day, the Clerk of Court

entered judgment.  *See* Doc. No. 19.  The parties now jointly ask the Court to award Plaintiff $3,700.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  *See* Doc. No. 20.

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment.  *See* 28 U.S.C. § 2412(d).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal."  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)); *see also* 28 U.S.C. § 2412(d)(2)(G); *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("In sentence four cases, the filing period begins after the final judgment . . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable.").  If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from.  *See* Fed. R. App. P. 4(a)(1)(B).  "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees."  *Akopyan*, 296 F.3d at 854 (citing *Shalala*, 509 U.S. at 301–02).

Here, the Court finds that Plaintiff is the prevailing party in this action for purposes of attorney's fees, the parties' joint motion is timely, and the stipulated amount of fees is reasonable.  Accordingly, the Court **GRANTS** the parties' joint motion for attorney's fees and **AWARDS** Plaintiff $3,700.00 pursuant to the EAJA.

**IT IS SO ORDERED.**

Dated:  June 25, 2021

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge